UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

NICHOLAS LACRUZE,                          )
                                           )
                    Plaintiff,             )
                                           )
          v.                               )          No. 1:20-cv-02148-JPH-DML
                                           )
D. ZATECKY et al.,                         )
                                           )
                    Defendants.            )

## ORDER SCREENING COMPLAINT
## AND DIRECTING SERVICE OF PROCESS

Indiana Department of Correction (IDOC) inmate Nicholas LaCruze commenced this 42

U.S.C. § 1983 action on August 13, 2020, and paid an initial partial filing fee on October 20, 2020.

Dkt. 8. The Court now screens the complaint and makes the following rulings.

## I.
## Screening Standard

Because the plaintiff is a prisoner, his complaint is subject to the screening requirements

of 28 U.S.C. § 1915A(b). This statute directs that the Court shall dismiss a complaint or any claim

within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief

may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

*Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a

complaint must provide a "short and plain statement of the claim showing that the pleader is

entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and

its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Tamayo v.

Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (same). The Court construes *pro se* pleadings

liberally and holds *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II.
## The Complaint

The complaint names twelve defendants: (1) D. Zatecky; (2) Alsip; (3) Stamper[1]; (4) J. C. Jackson; (5) Griffin; (6) Lunsford; (7) Hammond; (8) James  Walker; (9) Dr. Lamar; (10) Dr. Levine; (11) Jane Doe; and (12) Wexford of Indiana, LLC.

Although the plaintiff is now housed at Westville Correctional Facility, the following allegations set forth in the plaintiff's complaint allegedly occurred while he was housed at Pendleton Correctional Facility (Pendleton).

In February and March of 2020, inmates at Pendleton began to get sick and die of COVID-19. In March 2020, Warden Zatecky and other administrators at Pendleton suspected that inmates in the American Legion dorm had been exposed to COVID-19. Warden Zatecky then moved an ill inmate from the American Legion dorm to the plaintiff's dorm which was an open room housing 81 inmates in close quarters. Inmates in the dorm, including the plaintiff, became sick and the dorm was placed on lockdown.

A week after the first inmate in the dorm tested positive for COVID-19, the plaintiff and approximately 20 other inmates were moved to one-man cells because they were exhibiting symptoms of COVID-19. Moves of this magnitude required the approval of Warden Zatecky and defendant Alsip.

Sgt. Griffin then threatened to house a COVID-19 positive inmate with the plaintiff so that the plaintiff and other inmates would comply with orders to move from their one-man cell to a gym. The gym housed inmates from four separate quarantine groups. The conditions in the gym

---

[1] The **Clerk is directed** to update this defendant's name from "Stomper" to "Stamper" on the docket.

were unsanitary. Again, the move from the one-man cell to the gym required the approval of Warden Zatecky and defendant Alsip.

The plaintiff is seriously mentally ill, suffering from post-traumatic stress disorder, bipolar depression, and schizophrenia. Mental health staff have denied his requests for treatment. Medical staff have refused to treat the plaintiff's chronic headaches, chills, pain and inflammation of the lungs, heart and kidneys. Nurse Jane Doe refused to refer the plaintiff to a doctor or to provide Tylenol or aspirin or any other treatment.

On April 15, 2020, Indiana Health Department staff tested all 46 inmates housed in the gym and told Warden Zatecky, defendant Alsip, and unit team manager Stamper that no one should be moved into or out of the gym until the test results were received within two to three days.

On April 17, 2020, unit team manager Stamper and Lt. Jackson tried to place a COVID-19 inmate in the gym. Inmates housed in the gym demanded to speak with a supervisor. Unit team manager Stamper then called a Signal-10. Sgt. Lunsford, Officer Hammond, James Walker, and other staff responded to the signal. Without warning, unit team manager Stamper began spraying wide arcs of mace on the plaintiff and other inmates, all of whom already had trouble breathing. The plaintiff was then struck in the face and lost consciousness. When he regained consciousness, he was being tazed, maced, kicked, kneed, punched, and eye-gouged by staff while other staff restrained his arms and legs. One staff member's knee was on the plaintiff's neck interfering with his ability to breathe.

The plaintiff was handcuffed and placed in a dark cell with no water or toilet for six hours while he dripped with blood and mace. Later the plaintiff was placed in a cell with water, but the water was brown. He was refused clean drinking water between April 17, 2020 and April 19, 2020. On April 19, 2020, John Dallas of the Indiana Department of Health came to Pendleton and told

the plaintiff he had tested positive for COVID-19. The plaintiff showed Mr. Dallas the water in his sink and Mr. Dallas said he would see what he could do. The plaintiff was finally allowed to shower on April 20, 2020. He did not regain access to clean drinking water until he was transferred as a result of disciplinary action to the Westville Control Unit on April 23, 2020. He seeks compensatory and punitive damages.

### III.
### Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

The plaintiff's claim against Jane Doe defendants must be **dismissed**. "[I]t is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). If, through the discovery process, the plaintiff learns the identities of additional defendants, he may file a motion for leave to amend his complaint to add them.

The following claims raised in the complaint shall proceed as pleaded:

- Eighth Amendment deliberate indifference claims against defendants Zatecky, Alsip, Stamper, Jackson, Griffin for knowingly exposing the plaintiff to COVID-19;

- Eighth Amendment deliberate indifference claims against defendants Levine and Lamar for failing to treat the plaintiff's mental illnesses;

- Eighth Amendment excessive force and deliberate indifference claims against defendants Stamper, Jackson, Lunsford, Hammond, and Walker for their involvement in beating the plaintiff, spraying him with mace, and declining to provide him access to medical treatment;

- Eighth Amendment conditions of confinement and deliberate indifference claims against defendants Zatecky, Alsip, Jackson, Lunsford, and Hammond for failing to

allow the plaintiff to be decontaminated after he was sprayed with mace and for failing to provide the plaintiff with access to clean water after the excessive force incident, while the plaintiff suffered with symptoms of COVID-19;

- Policy and practice claims against defendant Wexford for failing to enact policies to provide appropriate medical services to inmates, maintaining a policy of making treatment decisions based on financial incentives rather than medical judgment, and maintaining policies of providing inadequate mental health treatment; and

- State law claim against Warden Zatecky and Wexford seeking indemnification. "In Indiana, a party may seek indemnification based on rights under statute, contract, or common law." *Land Innovators Co., L.P. v. Bogan*, 15 N.E.3d 23, 35 (Ind. Ct. App. 2014). The plaintiff has not identified any statute, contract, or common law that entitles him to indemnity. However, this claim may proceed under the liberal pleading standard. *See King v. Kramer*, 763 F.3d 635, 642 (7th Cir.2014).

This summary of remaining claims includes all the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through March 3, 2021,** in which to identify those claims.

## IV.
## Conclusion and Service of Process

The clerk is **directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendants in the manner specified by Fed. R. Civ. P. 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to terminate Jane Doe as a defendant on the docket.

The **clerk is directed** to serve the Indiana Department of Correction employees and Wexford of Indiana, LLC, electronically.

Defendants Levine and Lamar are identified as employees of Wexford of Indiana, LLC. Wexford is ORDERED to provide the full name and last known home address of any defendant

who does not waive service if they have such information. This information may be provided to

the Court informally or may be filed *ex parte*.

**SO ORDERED.**

Date:  2/3/2021

James Patrick Hanlon
James Patrick Hanlon
United States District Judge
Southern District of Indiana


Distribution:

NICHOLAS LACRUZE
239236
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

Electronic service to Indiana Department of Correction:
 D. Zatecky
 Alsip
 Stamper
 J. C. Jackson
 Griffin
 Lunsford
 Hammond
 James Walker
 (All at Pendleton Correctional Facility)

Electronic service to Wexford of Indiana, LLC

Dr. Levine, medical employee
PENDLETON CORRECTIONAL FACILITY
4490 W. Reformatory Rd.
Pendleton, IN 46064

Dr. Lamar, medical employee
PENDLETON CORRECTIONAL FACILITY
4490 W. Reformatory Rd.
Pendleton, IN 46064