UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

NICHOLAS LACRUZE,                    )
                                     )
                 Plaintiff,          )
                                     )
            v.                       )        No. 1:20-cv-02148-JPH-KMB
                                     )
D. ZATECKY, et al.,                  )
                                     )
                 Defendants.         )

**ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE
ORDER AND DENYING PLAINTIFF'S MOTION TO COMPEL**

The correctional defendants have moved for an order protecting them from producing video evidence of investigative interviews conducted after a riot that occurred in the prison gym on April 17, 2020. [Dkt. 105.] They argue that the videos contain prison staff's personal identifying information such as birthdates and addresses, the videos of injured correctional officers invade their privacy, and that production of the videos to the Plaintiff would threaten prison security by potentially exposing investigatory methods. [Dkt. 105.]

In response, the Plaintiff has filed a motion to compel production of the videos and numerous other categories of evidence. [Dkt. 110.] The correctional defendants responded that the Plaintiff's motion to compel should be dismissed because the evidence he requests is either covered by the Court's previous protective order, the subject of the pending motion for protective order, or was not requested before the close of discovery. [Dkt. 113.] In addition, the correctional defendants affirmed that they have produced all relevant video evidence that is not covered by a protective order or exempted from discovery by statute from the day of the incident. [*Id*. at 1.] The Plaintiff has not replied and the time to do so has passed.

1

## I.       Motion for Protective Order

Federal Rule of Civil Procedure 26(b)(1) provides that:

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant
> to any party's claim or defense and proportional to the needs of the case, considering
> the importance of the issues at stake in the action, the amount in controversy, the
> parties' relative access to relevant information, the parties' resources, the
> importance of the discovery in resolving the issues, and whether the burden or
> expense of the proposed discovery outweighs its likely benefit. Information within
> this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Rule 26 further states that a court may issue a protective order "for good

cause ... to protect a party or person from annoyance, embarrassment, oppression, or undue burden

or expense." Fed. R. Civ. P. 26(c)(1). This allowance includes prescribing alternate methods of

conducting discovery and requiring that certain confidential information "be revealed only in a

specified way," among other methods of protecting a party's interests during discovery.  Fed. R.

Civ. P. 26(c)(1)(G).

The Supreme Court has long established that "Rule 26(c) confers broad discretion on the

trial court to decide when a protective order is appropriate and what degree of protection is

required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Before issuing the requested

protective order, the Court must independently determine whether "good cause" exists to issue

the order. *Pierson v. Indianapolis Power & Light Co*., 205 F.R.D. 646, 647 (S.D. Ind. 2002); *see*

*also Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.,* 178 F.3d 943, 945 (7th Cir. 1999);

*see also* Fed. R. Civ. P. 26(c)(1).

The correctional defendants seek an order protecting investigative videos from disclosure.

They argue that the investigative videos created after the riot include personal identifying

information about the correctional officers and medical staff being interviewed. [Dkt. 105 at 3-4.]

But the Court's review of the videos reveals that all such identifying information is provided at the

beginning of each video and could be redacted/removed with relative ease. The correctional defendants' other arguments in favor of the protective order are more meritorious. First, the injured officers appear in hospital gowns, on gurneys, with the injuries they received during the riot fully visible. Second, the correctional defendants argue that producing the videos would threaten prison security to the extent it would reveal prison officials' investigatory techniques.

The Court notes that the Plaintiff filed written summaries of the investigative videos with his response in opposition to the correctional defendants' summary judgment motion. [Dkt. 116 at 37-42; 52-54.] The Court has reviewed the videos, and the summaries prepared by Investigator Sean Wyatt do not differ in any material way from the videos themselves. In both the investigative videos and their summaries, the prison employees recount their personal knowledge of what happened during the incident in the Pendleton Gym on April 17, 2020. In addition, the correctional defendants have already produced to the Plaintiff the available video of the actual incident. That video, rather than the video of interviews given after the fact, is the best evidence of what happened in the gym.

Given these circumstances, the Court finds that good cause exists to protect the correctional defendants from producing the investigative videos. Although the videos do not obviously appear to reveal confidential investigative techniques, the Defendants' assertion that they may outweighs the Plaintiff's interest in reviewing the videos in this particular case because he already has access to the video of the actual incident and to the detailed summaries of the investigative videos. Furthermore, the videos of the injured officers raise additional privacy concerns. For these reasons, the Defendants' motion for protective order, [dkt. 105], is **GRANTED** and they are excused from producing the investigative videos to the Plaintiff at this time. Should the case proceed to trial, the Court will set a status conference to address trial preparations including

whether either party intends to introduce the investigative videos at trial and, if so, what access the plaintiff should have to them.

## II.     Motion to Compel

The Plaintiff's motion to compel asks the Court to order the correctional defendants to produce several categories of evidence. Discovery closed in this action on August 31, 2022. [Dkt. 50.]   On September 13, 2022, Magistrate Judge Debra Lynch held a telephonic status conference to discuss the status of discovery and ordered the correctional defendants to file a status report regarding outstanding discovery.   [Dkt. 90.]   On October 4, 2022, the correctional defendants filed a notice recounting the Plaintiff's request for additional video footage, including the replacement of previously produced videos that were unplayable. [Dkt. 101.] The correctional defendants represented that they had resent to the Plaintiff the video evidence they had previously produced with their initial disclosures and that they were moving for a protective order for the investigative interview videos.  [*Id*.]

The correctional defendants have now been granted two protective orders—the first protects them from producing certain confidential documents whose release would threaten the security of the prison and the second protects them from producing videos of the investigatory interviews.  [Dkt. 90.]  The correctional defendants represent that they have previously produced "all relevant videos [ECF 101], medical records, incident reports, grievances, documents, and communications relevant to Plaintiff's complaint that are not covered by a protective order or exempted from discovery by statute." [Dkt. 113 at 1.]  The Court cannot order the defendants to produce evidence they do not possess.  And to the extent any evidence raised in the Plaintiff's motion to compel falls outside the scope of the initial disclosures and was not requested by him before the close of discovery, the Plaintiff is not entitled to such evidence because he has not

moved to reopen discovery nor shown good cause to do so.  *See* Fed. R. Civ. P. 16(b)(4) (stating

that a pretrial scheduling may be modified only for good cause and with the judge's consent).

　　　For these reasons, the Plaintiff's motion to compel, [dkt. 110], is **DENIED**.  He shall have

**through January 23, 2023**, in which to supplement his response to the pending motions for

summary judgment.

　　　**IT IS SO ORDERED.**

　　Date: 12/21/2022

*Kellie M. Barr*

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana


Distribution:

NICHOLAS LACRUZE
239236
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Carlton Wayne Anker
Lewis and Wilkins LLP
anker@lewisandwilkins.com

Douglass R. Bitner
Stoll Keenon Ogden PLLC
doug.bitner@skofirm.com

Sarah Jean Shores-Scisney
Stoll Keenon Ogden PLLC (SKO)
sarah.shores@skofirm.com

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com